**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4226

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARED SHEMAIAH JONES, a/k/a Carl Lawrence,

Defendant - Appellant.

No. 22-4520

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERVONTA ANTONIO WALKER, a/k/a Stunna, a/k/a Bruce Hudson,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cr-00240-KDB-DSC-6; 3:20-cr-00240-KDB-DSC-11)

Submitted:  May 31, 2024                          Decided:  July 2, 2024

Before NIEMEYER and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF**: David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina; William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellants. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jared Shemaiah Jones and Jervonta Antonio Walker appeal from criminal judgments entered following their guilty pleas to offenses related to drug conspiracy. Jones pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h); and possession with intent to distribute cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2. Walker pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h); and possession with intent to distribute a mixture of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 2. The district court sentenced Jones within his advisory Sentencing Guidelines range to a total term of 360 months' imprisonment and sentenced Walker below his advisory Guidelines range to a total term of 240 months' imprisonment. For the following reasons, we affirm Jones' criminal judgment, and we affirm in part and dismiss in part Walker's appeal.

On appeal, Jones argues that his sentence is both procedurally and substantively unreasonable. Specifically, he challenges the application of various sentencing enhancements and the drug weight attributed to him, as well as the adequacy and propriety of the district court's consideration of the 18 U.S.C. § 3553(a) factors.

3

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). When considering a challenge to the reasonableness of a sentence imposed by the district court, "we consider both substantive reasonableness, considering the totality of the circumstances, and procedural reasonableness, ensuring that the district court committed no significant procedural error, such as miscalculating the sentencing guidelines, failing to consider the § 3553(a) criminal and personal history factors, or selecting a sentence based on erroneous facts." *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (cleaned up).

We review for procedural errors first and consider the substantive reasonableness of the sentence only if we find no procedural errors. *See United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. 18 U.S.C. § 3553(a). A sentence within a properly calculated Guidelines range is presumptively substantively reasonable. *See United States v. Smith*, 919 F.3d 825, 841 n.12 (4th Cir. 2019). That presumption "can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Gutierrez*, 963 F.3d 320, 344 (4th Cir. 2020) (internal quotation marks omitted).

4

We conclude that Jones' sentence is procedurally reasonable, as the district court correctly calculated Jones' advisory Guidelines range,[*] heard argument from counsel, provided Jones the opportunity to allocute, properly considered the § 3553(a) sentencing factors, and adequately explained its reasons for imposing the chosen sentence. We further find that Jones has not demonstrated that his term of imprisonment is unreasonable when measured against the § 3553(a) factors, so he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. We therefore conclude that Jones' sentence is also substantively reasonable. Accordingly, we affirm Jones' criminal judgment.

On appeal, Walker argues that the district court improperly applied certain sentencing enhancements and incorrectly failed to find that the Government's decision not to move for a downward departure based on his substantial assistance was not rationally related to any legitimate Government end. The Government responds that Walker's appeal should be dismissed pursuant to the valid appeal waiver in his plea agreement. Walker contends that the appeal waiver is invalid because it was not knowing and voluntary and because the Government's failure to move for a downward departure constituted a breach of "an implied term of the plea agreement" not to act in bad faith.

---

[*] We have reviewed the factual findings underlying the district court's determination of the applicable drug weight and the application of the various challenged sentencing enhancements for clear error and the legal conclusions de novo and discern no error. *See United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (stating standard of review).

5

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Walker knowingly and intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable. Furthermore, the majority of the sentencing challenges raised by Walker on appeal fall within the waiver's scope.

However, even a defendant's valid waiver of appellate rights "cannot foreclose an argument that the [G]overnment breached its obligations under the plea agreement." *United States v. Tate*, 845 F.3d 571, 574 (4th Cir. 2017). Therefore, Walker's allegation that the Government breached an implied term of the plea agreement by failing to move for a departure falls outside the scope of the appeal waiver. However, we conclude that this argument is meritless, because the Government made no promises in the agreement—either express or implied—to move for a departure on this basis. Rather, the agreement

6

provides that the Government, "in its sole discretion," may determine when such a motion is appropriate. Moreover, the parties expressly reserved their right to argue their respective positions on the appropriate departures or variances from the applicable Guidelines range.

Under these circumstances, the Government's decision not to make a substantial assistance motion may be "reviewed only for bad faith or unconstitutional motive." *United States v. Snow*, 234 F.3d 187, 190 (4th Cir. 2000); *see Wade v. United States*, 504 U.S. 181, 185-86 (1992) (holding that prosecutor's discretion is subject to constitutional limitations). "[A] claim that a defendant merely provided substantial assistance" or "generalized allegations of improper motive" will "not entitle a defendant to a remedy." *Wade*, 504 U.S. at 186. We conclude that neither Walker's allegations nor the record below support such a finding of bad faith or unconstitutional motive by the Government. Accordingly, we dismiss Walker's appeal as to all issues he raises that fall within the scope of his appeal waiver—including his challenges to the calculation of the Guidelines range—but affirm as to the issue raised that falls outside the waiver's scope.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*